UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SASHA JACKSON, NICHOLAS JOHNSON,
JULIETTE LOGIE, JENNIFER LOPEZ,
ORCASH WEDDERBURN and
ROSALDA SANCHEZ On Behalf of Themselves
and All Others Similarly Situated,                                    Case No.:

                Plaintiffs,

                    **COLLECTIVE AND CLASS**
     -vs-                  **ACTION COMPLAINT**
                    **WITH JURY DEMAND**
THE CLAM BAR HAMPTONS LLC D/B/A
CLAM BAR AT NAPEAGUE, JOHN PICCINNINI,
and KELLY PICCINNINI

                Defendants.
-------------------------------------------------------------X

     Plaintiffs SASHA JACKSON ("Jackson"), NICHOLAS JOHNSON ("Johnson"),

JULIETTE LOGIE ("Logie"), JENNIFER LOPEZ ("Lopez"), ORCASH WEDDERBURN

("Wedderburn") and ROSALDA SANCHEZ ("Sanchez") ("Plaintiffs") on behalf of themselves

and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by

and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their

Complaint against THE CLAM BAR HAMPTONS LLC D/B/A CLAM BAR AT NAPEAGUE

(the "Clam Bar"),  JOHN PICCINNINI ("John Piccinnini") and KELLY PICCINNINI ("Kelly

Piccinnini") (together "Defendants") allege upon knowledge as to themselves and their own

actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF CASE**</u>

    1.    This is a civil action for damages and equitable relief based upon Defendants'

flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of

New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the NYLL's minimum wage provisions, NYLL § 652(1); (iv) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under the NYLL § 195(3); (v) the requirement that employees not be required to share tips with members of management; and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiffs further bring claims under (1) the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§215; and (2) the anti-retaliation provision of the New York Labor Law ("NYLL"), §§ 215.

3.     Plaintiffs worked for Defendants, a seafood restaurant and its management/owners located in Suffolk County, as front of the house and back of the house employees. Throughout Plaintiffs' tenure Defendants failed to pay the Named Plaintiffs, the FLSA Plaintiffs and the Rule 23 Plaintiffs the statutory minimum wage under the NYLL and 1.5 times the statutory minimum wage as overtime compensation.

4.     Further, Defendants unlawfully retained tips from the Named Plaintiffs, the FLSA Plaintiffs and the Rule 23 Plaintiffs by requiring front of the house employees to share their tips with management and to complete non-tipped tasks for more than 20% or more than two hours of their shifts. Given this, Defendants were not allowed to take a tip credit against the Plaintiffs' wages.

5.     Also, Defendants failed to furnish Plaintiffs with accurate wage statements on each payday as the NYLL requires. Specifically, Defendants' wage statements showed the incorrect hourly rate that Plaintiffs were supposed to be paid and did not show all of the tips the Plaintiffs earned. This prevented Plaintiffs from determining and seeking payment for the precise amount of

2

unpaid wages and tips. As such, Plaintiffs were harmed by being deprived of their income for longer than they would have been had they been able to timely raise their underpayment earlier.

6.      Defendants paid and treated all their front of the house workers in the same way.

7.      Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

8.      Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

9.      Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

10.     Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

**PARTIES**

12.    At all relevant times herein relevant, Plaintiff Jackson is a resident of the State of New York and resides in Suffolk County.

13.    At all times herein relevant, Plaintiff Jackson was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

14.    At all relevant times herein relevant, Plaintiff Johnson is a resident of the State of New York and resides in Suffolk County.

15.    At all times herein relevant, Plaintiff Johnson was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

16.    At all relevant times herein relevant, Plaintiff Logie is a resident of the State of New York and resides in Suffolk County.

17.    At all times herein relevant, Plaintiff Logie was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

18.    At all relevant times herein relevant, Plaintiff Lopez is a resident of the State of New York and resides in Suffolk County.

19.    At all times herein relevant, Plaintiff Lopez was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

20.    At all relevant times herein relevant, Plaintiff Wedderburn is a resident of the State of New York and resides in Suffolk County.

21.    At all times herein relevant, Plaintiff Wedderburn was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

22.    At all relevant times herein relevant, Plaintiff Sanchez is a resident of the State of New York and resides in Suffolk County.

23.     At all times herein relevant, Plaintiff Sanchez was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

24.     Upon information and belief, at all relevant times herein, the Clam Bar was and is a domestic limited liability company created under the laws of New York.

25.     Upon information and belief, at all relevant times herein, the Clam Bar has its principal place of business located at 2025 Montauk, Hwy Amagansett, NY 11930.

26.     At all relevant times herein, the Clam Bar was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

27.     Upon information and belief, for the calendar year 2021 the Clam Bar's gross receipts were not less than $500,000.00.

28.     Upon information and belief, for the calendar year 2022 the Clam Bar's gross receipts were not less than $500,000.00.

29.     Upon information and belief, for the calendar year 2023 the Clam Bar's gross receipts were not less than $500,000.00.

30.     Upon information and belief, for the calendar year 2024 the Clam Bar's gross receipts will not be less than $500,000.00

31.     Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise. These items include, but are not limited to, forks, knives, plates, various vegetables, wine, and beer.

32.     Furthermore, the Defendants' employees, including Plaintiffs, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently

used goods that have been, and continue to be, moved in interstate commerce. These items include, but are not limited to, forks, knives, plates, various vegetables, wine, and beer. Moreover, as part of their jobs, Plaintiffs were required to process credit-card payments for guests and did so regularly. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

33.     At all relevant times herein, Defendant John Piccinnini was a resident of the State of New York and has an actual place of business located at 2025 Montauk, Hwy Amagansett, NY 11930.

34.     At all relevant times herein, Defendant John Piccinnini was and is the owner/manager of the Clam Bar.

35.     Defendant John Piccinnini controlled the terms of the Plaintiffs' employment in that he would tell them what tasks to complete and on what time frame they needed to be completed.

36.     Upon information and belief, Defendant John Piccinnini controlled the work schedule of all of the employees of the Clam Bar, including the Plaintiffs' work schedule.

37.     Upon information and belief, Defendant John Piccinnini controlled the rates and methods of payment of each of the employees of the Clam Bar, including the Plaintiffs' pay rates and methods of pay.

38.     Defendant John Piccinnini paid the Plaintiffs their wages and the wages of all other employees at the Hawksmoor.

39.     At all times herein pertinent, the Plaintiffs performed his duties for the Clam Bar at the direction and under the control of Defendant John Piccinnini.

6

40.    Upon information and belief, and at all times herein pertinent, Defendant John Piccinnini exercised close control over the managerial operations of the Clam Bar, including the policies and practices concerning employees.

41.    At all times herein pertinent, Defendant John Piccinnini controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of the Clam Bar in general, and with respect to the Plaintiffs in particular.

42.    At all times herein pertinent, Defendant John Piccinnini acted as the Plaintiffs' employer within the meaning of the FLSA and the New York State Labor Law.

43.    Prior to the filing of this action, Defendant John Piccinnini was served with a notice pursuant to N.Y. Bus. Corp. Law § 630.

44.    By operation of law, pursuant to the notices above, Defendant John Piccinnini is personally liable for unpaid wages to the Plaintiff.

45.    At all relevant times herein, Defendant Kelly Piccinnini was a resident of the State of New York and has an actual place of business located at 2025 Montauk, Hwy Amagansett, NY 11930.

46.    At all relevant times herein, Defendant Kelly Piccinnini was and is the owner/manager of the Clam Bar.

47.    Defendant Kelly Piccinnini controlled the terms of the Plaintiffs' employment in that he would tell them what tasks to complete and on what time frame they needed to be completed.

48.    Upon information and belief, Defendant Kelly Piccinnini controlled the work schedule of all of the employees of the Clam Bar, including the Plaintiffs' work schedule.

49.     Upon information and belief, Defendant Kelly Piccinnini controlled the rates and methods of payment of each of the employees of the Clam Bar, including the Plaintiffs' pay rates and methods of pay.

50.     Defendant Kelly Piccinnini paid the Plaintiffs their wages and the wages of all other employees at the Hawksmoor.

51.     At all times herein pertinent, the Plaintiffs performed his duties for the Clam Bar at the direction and under the control of Defendant Kelly Piccinnini.

52.     Upon information and belief, and at all times herein pertinent, Defendant Kelly Piccinnini exercised close control over the managerial operations of the Clam Bar, including the policies and practices concerning employees.

53.     At all times herein pertinent, Defendant Kelly Piccinnini controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of the Clam Bar in general, and with respect to the Plaintiffs in particular.

54.     At all times herein pertinent, Defendant Kelly Piccinnini acted as the Plaintiffs' employer within the meaning of the FLSA and the New York State Labor Law.

55.     Prior to the filing of this action, Defendant Kelly Piccinnini was served with a notice pursuant to N.Y. Bus. Corp. Law § 630.

56.     By operation of law, pursuant to the notices above, Defendant Kelly Piccinnini is personally liable for unpaid wages to the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiffs seeks to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the

FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendant as non-exempt tipped employees (including, but not limited to, servers, bussers, runners, bartenders, and barbacks) regardless of job title who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

58.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

59.     At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

60.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

61.     Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that

   predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

62.    The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as non-exempt tipped employees (including, but not limited to, bussers, servers, runners, bartenders, and barbacks) regardless of job title ("Rule 23 Plaintiffs").

## **Numerosity**

63.    During the previous six years, Defendant has employed, in total, at least fifty employees that are putative members of this class.

## **Common Questions of Law and/or Fact**

64.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs the statutory minimum wage; whether the Defendants were entitled to any tip credit against the statutory minimum wage; whether the

Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### Typicality of Claims and/or Defenses

65.     As described in the background facts section below, Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiffs overtime. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be paid the statutory minimum wage for all hours worked under 40, to retain all of tips they received from Defendants' customers, and to be furnished with accurate wage statements. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/ or the Defendants' defenses to

those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## Adequacy

66.     Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week and did not pay Plaintiffs the statutory minimum wage.  Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## Superiority

67.     Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

68.     Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

69.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

70.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

*Facts Concerning All Plaintiffs*

71.    The Clam Bar operates as a Seafood restaurant in Suffolk County, New York.

72.    Upon information and belief, the Clam Bar is open for business from April through October every year.

73.    From six years prior to the commencement of this action Defendants employed Class Members in Suffolk County.

74.    Defendants required Plaintiffs, like all Class Members, to complete non-tipped tasks, which Defendants referred to as side work.

75.    The side work includes, but is not limited to, stocking and cutting fruit, stocking the refrigerator with beverages, cleaning bathrooms every hour, mopping the restaurant, sweeping the restaurant as well as the surrounding area, picking up litter outside of the restaurant, stocking the ice machine, unloading trucks and cleaning dishes.

76.    This side work would take over 2 hours per day and/or more than 20% of Plaintiffs' shifts.

77.    In addition to the schedules outlined below, Defendants required Plaintiffs to work 10-15 minutes prior to the beginning of a shift and 10-15 minutes after the end of a shift off the clock without any compensation.

78.    Defendants required Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs to wear uniforms during their employment. The uniform consisted of a white shirt with a large decal which stated "Clam Bar" written approximately seven times along with the saying "Have a Nice Day."

79.    During their employment Defendants gave the Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs 1-2 of these work uniforms. The number of uniforms issued to tipped employees was not in sufficient number or consistent with the average number of days worked by tipped-

employees. As a result, upon information and belief, these employees were required to do laundry more often than they normally would in order to keep their uniforms clean.

80.    Defendants required Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs to wash and clean their uniforms at home.

81.    Defendants failed to pay Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs an allowance for the care, maintenance and cleaning of their uniforms, which Defendants required them to wear during their employment.

82.    As a result of not reimbursing or compensating her for her uniform expenses and maintenance, the Defendants effectively further reduced Plaintiff's wages below the statutory minimum wage.

83.    Defendants both treated and paid the Plaintiffs and the Class Members in a similar manner.

84.    Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs were required to participate in a tip pool which was administered by the Defendants. Under the Defendants' tip pool system, employees are designated an amount of points based on their position.

85.    While this was the theory under which tips were to be distributed to employees, in reality the tip pooling system was administered by the Defendants' management in secret. Employees, including Plaintiffs, were not informed of the total amount of tips in the tip pool, nor the amount of tips each employee was receiving. This created an atmosphere of doubt and suspicion among Defendants' employees that management was misappropriating their tips.

86.    Further, Plaintiffs, the FLSA Plaintiffs, and the Rule 23 Plaintiffs were required to share in the tip pool with members of Defendants' management. Specifically, Plaintiff, FLSA Plaintiffs, and the Rule 23 Plaintiffs were required to share in the tip pool with managers who

assigned work, set schedules, cut employee's shifts, hired and terminated employees, assigned side work and supervised side work.

87.     Moreover, Plaintiffs, the FLSA Plaintiffs, and the Rule 23 Plaintiffs were required to share in the tip pool with expediters and managers who provided no direct customer service. Specifically, Plaintiffs required expediters to be part of the tip pool and take a portion of the tips received and, upon information and belief, Defendants would take 5%-10% of the cash tips before distributing them to the Plaintiffs.

88.     Defendants also failed to provide Plaintiffs, the FLSA Plaintiffs, and the Rule 23 Plaintiffs with written notice of the amount of tip credit that was taken from the basic minimum wage rate and/or failed to provide written notice that Defendants provide extra pay if the Plaintiffs, the FLSA Plaintiffs, and the Rule 23 Plaintiffs were insufficient and/or failed to receive an acknowledgement of receipt of this tip credit notice by the Plaintiffs, the FLSA Plaintiffs, and the Rule 23 Plaintiffs.

89.     Defendants also changed the categories of employees who were in the tip pool on a whim. For example, at the end of a shift, Defendants would inform Plaintiffs that they were adding the host/hostess to the tip pool, thereby reducing the amount of tips Plaintiffs received.

90.     Despite these issues, Defendant took a tip credit against Plaintiff's, FLSA Plaintiffs' and the Rule 23 Plaintiffs' earned wages.

91.     Defendants were not entitled to take a tip credit against its employees' wages under the NYLL because: Defendant unlawfully retained a portion of employee's tips, required that tipped employees share tips with non-tipped employees, and tipped employees spent more than twenty (20%) or two hours of their shifts performing non-tipped work.

92.     Defendants failed to pay the Named Plaintiffs, the FLSA Plaintiffs and the Rule 23 Plaintiffs at one and one half times the statutory minimum wage for all hours worked over 40 per week.

93.     Throughout the statutory period, Defendant failed to pay the Named Plaintiffs, the FLSA Plaintiffs and the Rule 23 Plaintiffs the full statutory minimum wage for all hours worked up to 40 per week.

94.     Throughout the statutory period, Defendants paid the Named Plaintiffs every week without providing them with accurate wage statements that accurately reflected their regular rates of pay, their overtime rate of pay, the number of hours they worked and the amount of tips they earned.

95.     Defendants' failure to provide this information deprived the Named Plaintiffs and the Rule 23 Class of the ability to know exactly how much overtime compensation they were entitled.

96.     As a result of the Defendants' failure to provide accurate wage statements to the Named Plaintiffs and the Rule 23 Class, Defendants were able to significantly underpay their employees, resulting in the overtime violations in this action.

97.     Defendants acted in the manner described herein so as to maximize their profits while minimizing labor costs.

98.     Every hour that Plaintiffs worked was for Defendants' benefit.

99.     Defendants treated Rule 23 Plaintiffs in the manner described in this complaint.

100.    Defendants knew of the retaliatory conduct complained of below and failed to take immediate and appropriate corrective action.

*Facts Concerning Juliette Logie*

101.    Ms. Logie worked for Defendants from on or about May 2024 through on or about September 14, 2024.

102.    As a server, Ms. Logie, like all servers waited on customers and had to complete non-tipped tasks described above.

103.    Throughout her employment, Defendants required Ms. Logie to work, and she did in fact work Tuesdays from 11:00AM until 8:00PM and Fridays from 11:00AM until 10:00PM.

104.    Throughout her employment with the Defendants, Ms. Logie was paid $10.65 per work hour.

105.    In or about the week of September 2, 2024, Ms. Logie complained to Defendant John Piccinnini about Defendants' failure to properly pay her and other employees the minimum wage; Defendants' failure to properly pay overtime, and Defendants' policy of stealing tips from employees.

106.    Upon information and belief, Defendants made the decision to terminate Ms. Logie because she complained about the above issues.

107.    Defendants terminated Ms. Logie on or about September 14, 2024.

108.    Approximately one week after Ms. Logie complained of Defendants' failure to properly pay employees, Defendant terminated Ms. Logie.

109.    Defendants terminated Ms. Logie to retaliate against her for complaining of Defendants' illegal pay practices.

*Facts Concerning Sasha Jackson*

110.    Ms. Jackson worked for Defendants from on or about April 2019 through September 14, 2024 as a server.

111.    As a server, Ms. Jackson, like all servers waited on customers and had to complete non-tipped tasks described above.

112.    Throughout her employment, Defendants required Ms. Jackson to work, and she did in fact work Mondays and Tuesdays from 11:00AM until 9:30PM and Fridays, Saturdays and Sundays from 11:00AM until 10:30PM.

113.    From the beginning of her employment until the end of 2023, Defendants paid Ms. Jackson $10.00 per work hour.

114.    From the beginning of 2024 until her termination, Defendants paid Ms. Jackson $15.00 per work hour.

115.    In or about the week of September 2, 2024, Ms. Jackson complained to Defendant John Piccinnini about Defendants' failure to properly pay her and other employees the minimum wage; Defendants' failure to properly pay overtime, and Defendants' policy of stealing tips from employees.

116.    Upon information and belief, Defendants made the decision to terminate Ms. Jackson because she complained about the above issues.

117.    Defendants terminated Ms. Jackson on or about September 14, 2024.

118.    Approximately one week after Ms. Jackson complained of Defendants' failure to properly pay employees, Defendant terminated Ms. Jackson.

119.    Defendants terminated Ms. Jackson to retaliate against her for complaining of Defendants' illegal pay practices.

*Facts Concerning Nicholas Johnson*

120.    Mr. Johnson worked for Defendants from on or about April 2020 through September 14, 2024 as a busser/runner.

121.    In that position, Mr. Johnson, like all busser/runners was responsible for delivering food from the kitchen to Defendants' guests as well as setting and cleaning tables along with completing the non-tipped tasks described above.

122.    Throughout his employment, the Defendants required Mr. Johnson to work, and he did in fact work, Mondays and Tuesdays from 11:00AM until 9:30PM and Fridays, Saturdays and Sundays from 11:00AM until 10:30PM.

123.    Throughout the 2020 season, Mr. Johnson was paid $15.00 per work hour.

124.    From the beginning of 2021 until his termination, Defendants paid Mr. Johnson $12.00 per work hour.

125.    In or about the week of September 2, 2024, Mr. Johnson complained to Defendant John Piccinnini about Defendants' failure to properly pay her and other employees the minimum wage; Defendants' failure to properly pay overtime, and Defendants' policy of stealing tips from employees.

126.    Upon information and belief, Defendants made the decision to terminate Mr. Johnson because he complained about the above issues.

127.    Defendants terminated Mr. Johnson on or about September 14, 2024.

128.    Approximately one week after Mr. Johnson complained of Defendants' failure to properly pay employees, Defendant terminated Mr. Johnson.

129.    Defendants terminated Mr. Johnson to retaliate against her for complaining of Defendants' illegal pay practices.

*Facts Concerning Jennifer Lopez*

130.    Ms. Lopez worked for Defendants from on or about April 2018 through September 14, 2024 as a server.

131.     In that position, Ms. Lopez, like all servers Ms. Lopez waited on customers and had to complete non-tipped tasks described above.

132.     Throughout her employment, the Defendants required Ms. Lopez to work, and she did in fact work, Tuesdays, Wednesdays, Thursdays and Fridays from 11:00AM until 10:30PM.

133.     Throughout her employment with the Defendants, Defendants paid Ms. Lopez $11.00 per work hour.

134.     In or about the week of September 2, 2024, Ms. Lopez complained to Defendant John Piccinnini about Defendants' failure to properly pay her and other employees the minimum wage; Defendants' failure to properly pay overtime, and Defendants' policy of stealing tips from employees.

135.     Upon information and belief, Defendants made the decision to terminate Ms. Lopez because she complained about the above issues.

136.     Defendants terminated Ms. Lopez on or about September 14, 2024.

137.     Approximately one week after Ms. Lopez complained of Defendants' failure to properly pay employees, Defendant terminated Ms. Lopez.

138.     Defendants terminated Ms. Lopez to retaliate against her for complaining of Defendants' illegal pay practices.

*Facts Concerning Orcash Wedderburm*

139.     Mr. Wedderburm worked for Defendants from on or about April 2020 through October 2023 as a busser.

140.     In that position, Mr. Wedderburm, like all bussers was responsible for bussing tables as well as completing the non-tipped tasks described above.

141.    Throughout his employment, the Defendants required Mr. Wedderburm to work, and he did in fact work, Mondays, Tuesdays, Fridays, Saturdays and Sundays from 10:30AM until 10:30PM.

142.    Throughout his employment with the Defendants, Defendants paid Mr. Wedderburm $15.00 per work hour.

*Facts Concerning Rosalda Sanchez*

143.    Ms. Sanchez worked for Defendants from on or about April 2024 through September 2024 as a food preparer.

144.    In that position, Ms. Sanchez, like all food preparers, was responsible for preparing and cooking food for Defendants' customers.

145.    Throughout her employment, the Defendants required Ms. Sanchez to work, and she did in fact work, Mondays and Tuesdays from 10:00AM until 6:00PM as well as  Saturdays and Sundays from 10:00AM until 7:30PM..

146.    Throughout her employment with the Defendants, Defendants paid Ms. Sanchez $21.00 per work hour.

147.    In or about the week of September 2, 2024, Ms. Sanchez' daughter complained to Defendant John Piccinnini about Defendants' failure to properly pay the Clam Bar employees.

148.    Upon information and belief, Defendants made the decision to terminate Ms. Sanchez because her daughter complained about the above issues.

149.    Defendants terminated Ms. Sanchez on or about September 14, 2024.

150.    When Defendant John Piccinnini fired Plaintiff Sanchez, he stated in sum and substance that it was because her daughter made the complaint outlined above.

151.    Approximately one week after Ms. Sanchez's daughter complained of Defendants' failure to properly pay employees, Defendant terminated Ms. Sanchez.

152.    Defendants terminated Ms. Sanchez to retaliate against her for her daughter complaining of Defendants' illegal pay practices.

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the FLSA*

153.    Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

154.    Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times the statutory minimum wage for all hours worked over forty (40) in a given workweek.

155.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

156.    As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

157.    The Defendants willfully violated the FLSA.

158.    As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

159.    Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

160.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

161.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

162.    Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

163.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

164.    As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

165.    Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL*

166.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

167.     Named Plaintiff and the Rule 23 Class routinely worked over 40 hours in a given work week.

168.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the Defendants.

169.     Defendant have willfully failed to pay the Plaintiff and Rule 23 Plaintiffs the proper minimum wages to which they were entitled under the New York Labor Law.

170.     Due to Defendants' violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Furnish Wage Statements in Violation of the NYLL*

171.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

172.     NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

173.     As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

174.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

175.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Tip Misappropriation

176.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

177.    At all times relevant, Plaintiffs were employees within the meaning of NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

178.    At all times relevant, Defendant was an employer of Plaintiffs within the meaning of the NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

179.    The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendant, and protect Plaintiffs.

180.    Defendant unlawfully demanded or accepted, directly or indirectly, part of the gratuities and/or service charges received by Plaintiffs in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

181.    Defendant unlawfully retained part of the gratuities and/or service charges earned by Plaintiffs in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

182.    Defendant unlawfully required Plaintiffs to share part of the gratuities and/or service charges they received with non-tipped employees, including sommeliers (managers on

duty),  in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

183.    Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities and/or service charges received by Plaintiffs, Defendant willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

184.    Due to Defendant's willful violations of the NYLL, Plaintiffs are entitled to recover from Defendant the value of all misappropriated gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Unlawful Deduction from Wages

185.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

186.    Defendants have made unlawful deductions from the Plaintiffs' wages, including, but not limited to, deducting a portion of Plaintiffs' tips.

187.    The deductions made from the Plaintiffs' wages have not been expressly authorized in writing by Plaintiffs and have not been for the benefit of the Plaintiffs.

188.    Through their knowing or intentional efforts to permit unauthorized deductions from the Plaintiffs' wages Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

189.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants the amounts of all unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Uniform Violations*

190.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

191.    Defendants failed to pay Plaintiff and the Class Members the full amount of their wages as a result of deductions for uniform-related expenses, violating Labor Law Article 6 § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

192.    Defendants failed to launder or maintain the uniforms that they required Plaintiffs and the Class Members to wear and failed to pay them the required weekly amount for such laundering and maintenance.

193.    Due to Defendants' violations of the Labor Law, Plaintiffs and the Class Members are entitled to recover from Defendants their costs for purchasing the uniforms, unpaid uniform related expenses, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Retaliation in Violation of the FLSA*

194.    Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

195.    29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

196.    As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

197.    As also described above, Defendants retaliated against Plaintiffs for engaging in protected activity under the FLSA.

198.    Due to Defendants' violation of the FLSA's anti-retaliation provisions, Plaintiffs are entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, and costs.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Retaliation in Violation of the NYLL

199.    Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

200.    Section 215 of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint relating to improper payment of wages under the NYLL and/or for engaging in protected activity under the NYLL.

201.    As described above, Defendants are employers within the meaning of the NYLL while Plaintiffs are employees within the meaning of the NYLL.

202.    As also described above, Defendants retaliated against Plaintiffs for engaging in protected activity under the NYLL.

203.    Due to Defendants' violation of the NYLL's anti-retaliation provisions, Plaintiffs are entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, costs and interest as permitted by law.

204.    At or before the filing of this Complaint, Plaintiffs have served notice of the action upon the Office of the New York State Attorney General.

## DEMAND FOR A JURY TRIAL

205.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d.    Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.    Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

      f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages, unpaid tips,  and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

      g.      Declaring Defendants' violations of the FLSA and NYLL were willful;

      h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

      i.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

      j.      Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

      k.      Awarding punitive damages;

      l.      Pre-judgment and post-judgment interest, as provided by law;

      m.      Awarding such other and further relief as available under the statues; and

      n.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
      January 8, 2025

                   Respectfully submitted,
                   LAW OFFICES OF WILLIAM CAFARO

                   _____
                   By: Amit Kumar, Esq. (AK 0822)
                   *Attorneys for the Named Plaintiff as Well as the Putative Class*
                   108 West 39th Street, Suite 602
                   New York, New York 10018
                   (212) 583-7400
                   AKumar@CafaroEsq.com