**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------

SASHA JACKSON, NICHOLAS JOHNSON, JULIETTE LOGIE, JENNIFER LOPEZ, ORCASH WEDDERBURN and ROSALDA SANCHEZ On Behalf of Themselves and All Others Similarly Situated,

        Plaintiffs,

    v.

THE CLAM BAR HAMPTONS LLC D/B/A CLAM BAR AT NAPEAGUE, JOHN PICCINNINI, and KELLY PICCINNINI

        Defendants.

------------------------------------------------------------

**Case No. 2:25-cv-00132-SJB-ARL**

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants The Clam Bar Hamptons LLC d/b/a Clam Bar at Napeague ("Clam Bar"), John Piccinnini, and Kelly Piccinnini (collectively, "Defendants"), by and through their attorneys, Fox Rothschild, hereby respond to the First Amended Collective and Class Action Complaint ("FAC") of Plaintiffs Sasha Jackson, Nicholas Johnson, Juliette Logie, Jennifer Lopez, Orcash Wedderburn, and Rosalda Sanchez (collectively, "Plaintiffs") as follows.

In response to all non-numbered paragraphs, and each and every substantive allegation of the FAC, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

**NATURE OF THE CASE**

1. Defendants deny the allegations set forth in Paragraph 1 of the FAC, except they admit that Plaintiffs purport to bring claims for allegedly unpaid overtime and minimum wages, misappropriation of tips, and the failure to receive proper wage statements pursuant to the statutes and regulations referenced in Paragraph 1 of the FAC.

170853388.1

2.     Defendants deny the allegations set forth in Paragraph 2 of the FAC, except they admit that Plaintiffs purport to brings claims of retaliation pursuant to the statutory provisions referenced in Paragraph 2 of the FAC.

3.     Defendants deny the allegations set forth in Paragraph 3 of the FAC.

4.     Defendants deny the allegations set forth in Paragraph 4 of the FAC.

5.     Defendants deny the allegations set forth in Paragraph 5 of the FAC.

6.     Defendants deny the allegations set forth in Paragraph 6 of the FAC.

7.     Defendants deny the allegations set forth in Paragraph 7 of the FAC, except they admit that Plaintiffs purport to bring this action pursuant to 29 U.S.C. § 216(b) on behalf of "all other persons similarly-situated during the applicable FLSA limitations period who suffered damages" and Defendants specifically aver that Plaintiffs' Fair Labor Standards Act claims cannot proceed as a collective pursuant to 29 U.S.C. § 216(b) or any other rule, regulation, or statute.

8.     Defendants deny the allegations set forth in Paragraph 8 of the FAC, except they admit that Plaintiffs purport to bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of "all other persons similarly-situated during the applicable NYLL limitations period who suffered damages" and Defendant specifically avers that Plaintiffs' claims cannot proceed as a class pursuant to Federal Rule of Civil Procedure 23 or any other rule, regulation, or statute.

### JURISDICTION AND VENUE

9.     Defendants admit that Plaintiffs have invoked the jurisdiction of the Court under the statutes referenced in Paragraph 9 of the FAC. The remainder of the allegations in Paragraph 9 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

10.     Defendants admit that Plaintiffs have invoked the supplemental jurisdiction of the Court under the statute referenced in Paragraph 10 of the FAC. The remainder of the allegations

in Paragraph 10 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

11. Defendants admit that Plaintiffs have laid venue in this district pursuant to the statute referenced in Paragraph 11 of the FAC. The remainder of the allegations in Paragraph 11 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

## PARTIES

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the FAC regarding Plaintiff's residency, and based thereon, Defendants deny the same.

13. The allegations set forth in Paragraph 13 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the FAC regarding Plaintiff's residency, and based thereon, Defendants deny the same.

15. The allegations set forth in Paragraph 15 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the FAC regarding Plaintiff's residency, and based thereon, Defendants deny the same.

17. The allegations set forth in Paragraph 17 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the FAC regarding Plaintiff's residency, and based thereon, Defendants deny the same.

19.     The allegations set forth in Paragraph 19 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the FAC regarding Plaintiff's residency, and based thereon, Defendants deny the same.

21.     The allegations set forth in Paragraph 21 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the FAC regarding Plaintiff's residency, and based thereon, Defendants deny the same.

23.     The allegations set forth in Paragraph 23 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

24.     Defendants deny the allegations set forth in Paragraph 24 of the FAC, except they admit that Clam Bar is a New York limited liability company.

25.     Defendants deny the allegations set forth in Paragraph 25 of the FAC, except they admit that Clam Bar has its principal place of business located at 2025 Montauk Highway, Amagansett, New York 11930.

26.     The allegations set forth in Paragraph 26 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

27.     Defendants deny the allegations set forth in Paragraph 27 of the FAC.

28.    Defendants admit the allegations set forth in Paragraph 28 of the FAC.

29.    Defendants admit the allegations set forth in Paragraph 29 of the FAC.

30.    Defendants admit the allegations set forth in Paragraph 30 of the FAC.

31.    The allegations set forth in Paragraph 31 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

32.    The allegations set forth in Paragraph 32 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

33.    Defendants admit the allegations set forth in Paragraph 33 of the FAC.

34.    Defendants deny the allegations set forth in Paragraph 34 of the FAC, except they admit that John Piccinnini has an ownership interest in Clam Bar.

35.    Defendants deny the allegations set forth in Paragraph 35 of the FAC.

36.    Defendants deny the allegations set forth in Paragraph 36 of the FAC.

37.    Defendants deny the allegations set forth in Paragraph 37 of the FAC.

38.    Defendants deny the allegations set forth in Paragraph 38 of the FAC.

39.    Defendants deny the allegations set forth in Paragraph 39 of the FAC.

40.    Defendants deny the allegations set forth in Paragraph 40 of the FAC.

41.    Defendants deny the allegations set forth in Paragraph 41 of the FAC.

42.    The allegations set forth in Paragraph 42 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

43.    Defendants deny the allegations set forth in Paragraph 43 of the FAC.

44.    The allegations set forth in Paragraph 44 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

45.    Defendants admit the allegations set forth in Paragraph 45 of the FAC.

46.    Defendants deny the allegations set forth in Paragraph 46 of the FAC, except they admit that Kelly Piccinnini has an ownership interest in Clam Bar.

47.    Defendants deny the allegations set forth in Paragraph 47 of the FAC.

48.    Defendants deny the allegations set forth in Paragraph 48 of the FAC.

49.    Defendants deny the allegations set forth in Paragraph 49 of the FAC.

50.    Defendants deny the allegations set forth in Paragraph 50 of the FAC.

51.    Defendants deny the allegations set forth in Paragraph 51 of the FAC.

52.    Defendants deny the allegations set forth in Paragraph 52 of the FAC.

53.    Defendants deny the allegations set forth in Paragraph 53 of the FAC.

54.    The allegations set forth in Paragraph 54 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

55.    Defendants deny the allegations set forth in Paragraph 55 of the FAC.

56.    The allegations set forth in Paragraph 56 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

## COLLECTIVE ACTION ALLEGATIONS

57.    Defendants deny the allegations set forth in Paragraph 57 of the FAC, except they admit that Plaintiffs purport to bring this action pursuant to 29 U.S.C. § 216(b) as a putative collective, the existence of which is affirmatively denied by Defendants.

58.    Defendants deny the allegations set forth in Paragraph 58 of the FAC.

59.    Defendants deny the allegations set forth in Paragraph 59 of the FAC.

## RULE 23 CLASS ALLEGATIONS

60.    Defendants deny the allegations set forth in Paragraph 60 of the FAC, except they admit that Plaintiffs purport to bring this action pursuant to Federal Rule of Civil Procedure 23 on

6

"behalf of those who are similarly-situated," the existence of which is affirmatively denied by Defendants.

61.     The allegations set forth in Paragraph 61 of the FAC are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

62.     Defendants deny the allegations set forth in Paragraph 62 of the FAC, except they admit that Plaintiffs purport to bring this action on behalf of a putative class defined in Paragraph 62 of the FAC and the existence of which is affirmatively denied by Defendants.

### Numerosity

63.     Defendants deny the allegations set forth in Paragraph 63 of the FAC.

### Commons Questions of Law and/or Fact

64.     Defendants deny the allegations set forth in Paragraph 64 of the FAC.

### Typicality of Claims and/or Defenses

65.     Defendants deny the allegations set forth in Paragraph 65 of the FAC.

### Adequacy

66.     Defendants deny the allegations set forth in Paragraph 66 of the FAC.

### Superiority

67.     Defendants deny the allegations set forth in Paragraph 67 of the FAC.

68.     Defendants deny the allegations set forth in Paragraph 68 of the FAC.

69.     Defendants deny the allegations set forth in Paragraph 69 of the FAC.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 of the FAC, and based thereon, Defendants deny the same.

## BACKGROUND FACTS

*Facts Concerning All Plaintiffs*

71.     Defendants admit the allegations set forth in Paragraph 71 of the FAC.

72.     Defendants admit the allegations set forth in Paragraph 72 of the FAC.

73.     Defendants deny the allegations set forth in Paragraph 73 of the FAC.

74.     Defendants deny the allegations set forth in Paragraph 74 of the FAC.

75.     Defendants deny the allegations set forth in Paragraph 75 of the FAC.

76.     Defendants deny the allegations set forth in Paragraph 76 of the FAC.

77.     Defendants deny the allegations set forth in Paragraph 77 of the FAC.

78.     Defendants deny the allegations set forth in Paragraph 78 of the FAC.

79.     Defendants deny the allegations set forth in Paragraph 79 of the FAC.

80.     Defendants deny the allegations set forth in Paragraph 80 of the FAC.

81.     Defendants deny the allegations set forth in Paragraph 81 of the FAC.

82.     Defendants deny the allegations set forth in Paragraph 82 of the FAC.

83.     Defendants deny the allegations set forth in Paragraph 83 of the FAC.

84.     Defendants deny the allegations set forth in Paragraph 84 of the FAC, except Defendants admit that tipped employees at the restaurant owned and operated by Clam Bar were required to pool their tips the allocations from which were based on a point system.

85.     Defendants deny the allegations set forth in Paragraph 85 of the FAC.

86.     Defendants deny the allegations set forth in Paragraph 86 of the FAC.

87.     Defendants deny the allegations set forth in Paragraph 87 of the FAC.

88.     Defendants deny the allegations set forth in Paragraph 88 of the FAC.

89.     Defendants deny the allegations set forth in Paragraph 89 of the FAC.

8

90.     Defendants deny the allegations set forth in Paragraph 90 of the FAC, except they admit that at times for certain employees that customarily and regularly received tips Clam Bar lawfully took a tip credit towards its minimum wage obligations to such employees.

91.     Defendants deny the allegations set forth in Paragraph 91 of the FAC.

92.     Defendants deny the allegations set forth in Paragraph 92 of the FAC.

93.     Defendants deny the allegations set forth in Paragraph 93 of the FAC.

94.     Defendants deny the allegations set forth in Paragraph 93 of the FAC.

95.     Defendants deny the allegations set forth in Paragraph 94 of the FAC.

96.     Defendants deny the allegations set forth in Paragraph 95 of the FAC.

97.     Defendants deny the allegations set forth in Paragraph 96 of the FAC.

98.     Defendants deny the allegations set forth in Paragraph 98 of the FAC.

99.     Defendants deny the allegations set forth in Paragraph 99 of the FAC.

100.    Defendants deny the allegations set forth in Paragraph 100 of the FAC.

101.    Defendants deny the allegations set forth in Paragraph 101 of the FAC.

102.    Defendants deny the allegations set forth in Paragraph 102 of the FAC.

*Facts Concerning Juliette Logie*

103.    Defendants admit that Clam Bar employed Plaintiff Juliette Logie from May 2024 through September 2024.

104.    Defendants deny the allegations set forth in Paragraph 104 of the FAC.

105.    Defendants deny the allegations set forth in Paragraph 105 of the FAC.

106.    Defendants deny the allegations set forth in Paragraph 106 of the FAC.

107.    Defendants deny the allegations set forth in Paragraph 107 of the FAC.

108.    Defendants deny the allegations set forth in Paragraph 108 of the FAC.

109.    Defendants deny the allegations set forth in Paragraph 109 of the FAC.

110.    Defendants deny the allegations set forth in Paragraph 110 of the FAC, except they admit that Clam Bar terminated Plaintiff Logie's employment in September 2024.

111.    Defendants deny the allegations set forth in Paragraph 111 of the FAC.

112.    Defendants deny the allegations set forth in Paragraph 112 of the FAC.

*Facts Concerning Sasha Jackson*

113.    Defendants deny the allegations set forth in Paragraph 113 of the FAC.

114.    Defendants deny the allegations set forth in Paragraph 114 of the FAC.

115.    Defendants deny the allegations set forth in Paragraph 115 of the FAC.

116.    Defendants deny the allegations set forth in Paragraph 116 of the FAC.

117.    Defendants admit the allegations set forth in Paragraph 117 of the FAC.

118.    Defendants deny the allegations set forth in Paragraph 118 of the FAC.

119.    Defendants deny the allegations set forth in Paragraph 119 of the FAC.

120.    Defendants deny the allegations set forth in Paragraph 120 of the FAC.

121.    Defendants deny the allegations set forth in Paragraph 121 of the FAC.

122.    Defendants deny the allegations set forth in Paragraph 122 of the FAC.

123.    Defendants deny the allegations set forth in Paragraph 123 of the FAC.

124.    Defendants deny the allegations set forth in Paragraph 124 of the FAC.

*Facts Concerning Nicholas Johnson*

125.    Defendants deny the allegations set forth in Paragraph 125 of the FAC.

126.    Defendants deny the allegations set forth in Paragraph 126 of the FAC.

127.    Defendants deny the allegations set forth in Paragraph 127 of the FAC.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128 of the FAC regarding Plaintiff's compensation in 2020, and based thereon, Defendants deny the same.

129.    Defendants deny the allegations set forth in Paragraph 129 of the FAC.

130.    Defendants deny the allegations set forth in Paragraph 130 of the FAC.

131.    Defendants deny the allegations set forth in Paragraph 131 of the FAC.

132.    Defendants deny the allegations set forth in Paragraph 132 of the FAC.

133.    Defendants deny the allegations set forth in Paragraph 133 of the FAC.

134.    Defendants deny the allegations set forth in Paragraph 134 of the FAC.

135.    Defendants deny the allegations set forth in Paragraph 135 of the FAC.

136.    Defendants deny the allegations set forth in Paragraph 136 of the FAC.

*Facts Concerning Jennifer Lopez*

137.    Defendants deny the allegations set forth in Paragraph 137 of the FAC.

138.    Defendants deny the allegations set forth in Paragraph 138 of the FAC.

139.    Defendants deny the allegations set forth in Paragraph 139 of the FAC.

140.    Defendants deny the allegations set forth in Paragraph 140 of the FAC.

141.    Defendants deny the allegations set forth in Paragraph 141 of the FAC.

142.    Defendants deny the allegations set forth in Paragraph 142 of the FAC.

143.    Defendants deny the allegations set forth in Paragraph 143 of the FAC.

144.    Defendants deny the allegations set forth in Paragraph 144 of the FAC.

145.    Defendants deny the allegations set forth in Paragraph 145 of the FAC, except they admit that Clam Bar terminated Plaintiff Lopez's employment in September 2024.

146.    Defendants deny the allegations set forth in Paragraph 146 of the FAC.

147.    Defendants deny the allegations set forth in Paragraph 147 of the FAC.

*Facts Concerning Orcash Weddberburn*

148.    Defendants deny the allegations set forth in Paragraph 148 of the FAC.

149.    Defendants deny the allegations set forth in Paragraph 149 of the FAC.

150.    Defendants deny the allegations set forth in Paragraph 150 of the FAC.

151.    Defendants deny the allegations set forth in Paragraph 151 of the FAC.

152.    Defendants deny the allegations set forth in Paragraph 152 of the FAC.

153.    Defendants deny the allegations set forth in Paragraph 153 of the FAC.

*Facts Concerning Rosalda Sanchez*

154.    Defendants deny the allegations set forth in Paragraph 154 of the FAC, except they admit that Clam Bar employed Plaintiff Rosalda Sanchez from April 2024 through September 2024.

155.    Defendants admit the allegations set forth in Paragraph 155 of the FAC.

156.    Defendants deny the allegations set forth in Paragraph 156 of the FAC.

157.    Defendants deny the allegations set forth in Paragraph 157 of the FAC.

158.    Defendants deny the allegations set forth in Paragraph 158 of the FAC.

159.    Defendants deny the allegations set forth in Paragraph 159 of the FAC.

160.    Defendants deny the allegations set forth in Paragraph 160 of the FAC, except they admit that Clam Bar terminated Plaintiff Sanchez's employment in September 2024.

161.    Defendants deny the allegations set forth in Paragraph 161 of the FAC.

162.    Defendants deny the allegations set forth in Paragraph 162 of the FAC.

163.    Defendants deny the allegations set forth in Paragraph 163 of the FAC.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

164. In response to paragraph 164 of the FAC, Defendants repeat and restate each and every of the above responses as if fully set forth herein.

165. The allegations set forth in Paragraph 165 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

166. The allegations set forth in Paragraph 166 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

167. Defendants deny the allegations set forth in Paragraph 167 of the FAC.

168. Defendants deny the allegations set forth in Paragraph 168 of the FAC.

169. Defendants deny the allegations set forth in Paragraph 169 of the FAC.

170. Defendants deny the allegations set forth in Paragraph 170 of the FAC.

171. Defendants deny the allegations set forth in Paragraph 171 of the FAC.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

172. In response to paragraph 172 of the FAC, Defendants repeat and restate each and every of the above responses as if fully set forth herein.

173. The allegations set forth in Paragraph 173 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

174. The allegations set forth in Paragraph 174 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

175. Defendants deny the allegations set forth in Paragraph 175 of the FAC.

176. Defendants deny the allegations set forth in Paragraph 176 of the FAC.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wage under the NYLL*

177.    In response to paragraph 177 of the FAC, Defendants repeat and restate each and every of the above responses as if fully set forth herein.

178.    Defendants deny the allegations set forth in Paragraph 178 of the FAC.

179.    The allegations set forth in Paragraph 191 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

180.    Defendants deny the allegations set forth in Paragraph 180 of the FAC.

181.    Defendants deny the allegations set forth in Paragraph 181 of the FAC.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Wage Statements in Violation of the NYLL*

182.    In response to paragraph 182 of the FAC, Defendants repeat and restate each and every of the above responses as if fully set forth herein.

183.    The allegations set forth in Paragraph 183 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

184.    Defendants deny the allegations set forth in Paragraph 184 of the FAC.

185.    Defendants deny the allegations set forth in Paragraph 185 of the FAC.

186.    Defendants deny the allegations set forth in Paragraph 186 of the FAC.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Tip Misappropriation*

187.    In response to paragraph 187 of the FAC, Defendants repeat and restate each and every of the above responses as if fully set forth herein.

188.    The allegations set forth in Paragraph 188 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

189.    The allegations set forth in Paragraph 189 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

190.    The allegations set forth in Paragraph 190 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

191.    Defendants deny the allegations set forth in Paragraph 191 of the FAC.

192.    Defendants deny the allegations set forth in Paragraph 192 of the FAC.

193.    Defendants deny the allegations set forth in Paragraph 193 of the FAC.

194.    Defendants deny the allegations set forth in Paragraph 194 of the FAC.

195.    Defendants deny the allegations set forth in Paragraph 195 of the FAC.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unlawful Deduction from Wages*

196.    In response to paragraph 196 of the FAC, Defendants repeat and restate each and every of the above responses as if fully set forth herein.

197.    Defendants deny the allegations set forth in Paragraph 197 of the FAC.

198.    Defendants deny the allegations set forth in Paragraph 198 of the FAC.

199.    Defendants deny the allegations set forth in Paragraph 199 of the FAC.

200.    Defendants deny the allegations set forth in Paragraph 200 of the FAC.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Uniform Violations*

201.    In response to paragraph 201 of the FAC, Defendants repeat and restate each and every of the above responses as if fully set forth herein.

202.    Defendants deny the allegations set forth in Paragraph 202 of the FAC.

203.    Defendants deny the allegations set forth in Paragraph 203 of the FAC.

204.    Defendants deny the allegations set forth in Paragraph 204 of the FAC.

15

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Retaliation in Violation of the FLSA*

205.    In response to paragraph 205 of the FAC, Defendants repeat and restate each and every of the above responses as if fully set forth herein.

206.    The allegations set forth in Paragraph 206 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

207.    The allegations set forth in Paragraph 207 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

208.    Defendants deny the allegations set forth in Paragraph 208 of the FAC.

209.    Defendants deny the allegations set forth in Paragraph 209 of the FAC.

**NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Retaliation in Violation of the NYLL*

210.    In response to paragraph 210 of the FAC, Defendants repeat and restate each and every of the above responses as if fully set forth herein.

211.    The allegations set forth in Paragraph 211 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

212.    The allegations set forth in Paragraph 212 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

213.    Defendants deny the allegations set forth in Paragraph 213 of the FAC.

214.    Defendants deny the allegations set forth in Paragraph 214 of the FAC.

215.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215, and based thereon, Defendants deny the same.

## DEMAND FOR JURY TRIAL

216.    Defendants admit that Plaintiffs seek a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) and Defendants affirmatively deny that Plaintiffs are entitled to a jury trial.

## PRAYER FOR RELIEF

217.    In response to the paragraph and subparagraphs "a-p" that follow the phrase "WHEREFORE, Plaintiff[s] … demand judgment against Defendants as follows[,]" Defendants deny the allegations set forth in that paragraph and the subparagraphs and affirmatively aver that Plaintiffs and any purported class or collective, the existence of which is affirmatively denied by Defendants, are not entitled to any of the relief requested or any other relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The FAC, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs and putative collective and/or class action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards offset, in whole or in part, any award they receive here for the same injury.

### THIRD AFFIRMATIVE DEFENSE

With respect to some or all of the claims brought or allegedly brought by Plaintiffs on behalf of any putative class or collective action, such claims are barred, in whole or in part, by waiver and release.

## FOURTH AFFIRMATIVE DEFENSE

With respect to some or all of the claims brought or allegedly brought by Plaintiffs on behalf of any putative class or collective action, such claims are barred, in whole or in part, by the doctrines of *res judicata*, unclean hands, laches, waiver, avoidable consequences, after-acquired evidence, estoppel, compromise and settlement, accord and satisfaction, and/or other principles of equity.

## FIFTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## SIXTH AFFIRMATIVE DEFENSE

With respect to some or all of the claims brought or allegedly brought by Plaintiffs on behalf of themselves and/or on behalf of any putative class or collective action, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. §216(b) because, *inter alia*, they are not similarly situated to members of the purported collective.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and class/collective action members that Plaintiffs purport to represent, the existence of which is affirmatively denied by Defendants, are precluded from recovering any

amounts from Defendants where Defendants have paid Plaintiffs and class/collective action members all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs and class/collective action members that Plaintiffs purport to represent, the existence of which is affirmatively denied by Defendants, may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiffs or any alleged member of any purported class or collective action, the existence of which Defendants affirmatively deny; and (3) Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs and class/collective action members that Plaintiffs purport to represent, the existence of which is affirmatively denied by Defendants, are precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without management's knowledge or approval.

## ELEVENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the FAC that purport to arise under New York State Law.

## TWELFTH AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' New York Labor Law claims cannot proceed as a class action under the Federal Rules of Civil Procedure because the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and its collective action procedure mechanism preempt state law that might otherwise permit class action treatment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the FAC should be stricken and dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions, or conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the class/collective members that Plaintiffs purport to represent, the existence of which is affirmatively denied by Defendants, are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

20

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the class/collective action members that Plaintiffs purport to represent, the existence of which is affirmatively denied by Defendants, are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the class/collective action members that Plaintiffs purport to represent, the existence of which is affirmatively denied by Defendants, are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947 and/or state law.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the class/collective action members that Plaintiffs purport to represent, the existence of which is affirmatively denied by Defendants are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the class/collective action members that Plaintiffs purport to represent, the existence of which is affirmatively denied by Defendants, are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to 29 U.S.C. § 255, and/or the equitable doctrine of laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

All affirmative defenses set forth in the New York Wage Theft Prevention Act including but not limited to Defendants having made complete and timely payment of all wages due.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs lacks standing.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over the counts in the FAC that purport to arise under New York State Law because such claims do not arise out of the same common nucleus of operative fact as Plaintiffs' claims under the FLSA.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, and Plaintiffs are not entitled to some or all of the relief requested in the FAC to the extent that Plaintiffs seek relief that is duplicative.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff/Plaintiffs has/have failed to state a claim for retaliation because Plaintiff(s) did not suffer any adverse employment action that was causally related to any protected activity.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The FAC, and each cause of action therein, is barred, in whole or in part, due to Plaintiffs' failure to mitigate the alleged damages, if any, they claim to have suffered as a result of the allegations in the FAC. In the alternative, to the extent Plaintiffs have mitigated any alleged damages, Defendants are entitled to a set-off for any interim earnings, benefits, or other income.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

There is no causal link, factual or proximate, between Defendants' alleged acts or omissions and Plaintiff's alleged injuries or damages.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to them through discovery.

## DEFENDANTS' PRAYER FOR RELIEF

Except as expressly admitted and alleged herein, Defendants deny each and every allegation set forth in the FAC and deny Plaintiffs are entitled to any relief whatsoever. Further, Defendants deny the existence of any purported collective, class, or group of persons who Plaintiffs purport to represent.

WHEREFORE, having fully answered and responded to the allegations of the FAC, Defendants respectfully requests that:

A.      Plaintiffs' individual claims be dismissed with prejudice in their entirety;

B.      Collective action status be denied or, in the alternative, that all collective claims be dismissed with prejudice;

C.      Class action status be denied or, in the alternative, that all class claims be dismissed with prejudice;

D.      Each and every request for relief in the FAC be denied;

E.      Judgment be entered against Plaintiffs and for Defendants;

F.      Defendants be awarded its costs, including reasonable attorneys' fees and expenses, in an amount and manner permitted by applicable law; and

G.      Defendants be granted such other and further relief as this Court may deem just and proper.

[signature page follows]

Dated: New York, New York
       April 22, 2025

                                        **FOX ROTHSCHILD LLP**

                                        /s/ Glenn S. Grindlinger, Esq.
                                        Carolyn D. Richmond
                                        Glenn S. Grindlinger
                                        Devin S. Cohen
                                        101 Park Avenue, 17th Floor
                                        New York, New York 10178
                                        (212) 878-7900

                                        *Attorneys for Defendants*
                                        *The Clam Bar Hamptons LLC*
                                        *d/b/a Clam Bar at Napeague*
                                        *John Piccinnini, and Kelly Piccinnini*